UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARISTIDES CABRERA,<br>a/k/a "Buddha,"<br><br>Defendant. | **SEALED**<br>**SUPERSEDING**<br>**INDICTMENT**<br><br>S1 26 Cr. 109 (JPO) |

## COUNT ONE
### (Conspiracy to Distribute Narcotics Resulting in Death)

The Grand Jury charges:

### Overview

1.      From at least in or about November 2017 through in or about January 2024, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, worked with others to sell, among other things, heroin, fentanyl, and para-fluorofentanyl in the Longwood neighborhood of the Bronx, New York. During a single-month span of that period, between on or about May 29, 2022, and on or about June 28, 2022, CABRERA's drugs killed three people, including a twelve-year-old child. Despite knowing about these deaths, CABRERA continued selling the same drugs, including during a later period in which he was detained at a state correctional facility.

2.      ARISTIDES CABRERA, a/k/a "Buddha," the defendant, led his drug trafficking operation, in part, from his Bronx apartment (the "Cabrera Apartment"), where CABRERA stored firearms and significant quantities of narcotics, including fentanyl and para-fluorofentanyl, a deadly fentanyl analogue. CABRERA stored the narcotics in multiple locations in the Cabrera Apartment, including in a particular velour fabric bag (the "Velour Bag"), as well as in a safe where he also kept firearms. CABRERA typically met and sold drugs to customers in the

immediate vicinity of the Cabrera Apartment. Multiple people, including five children, lived in the Cabrera Apartment. One such Cabrera Apartment resident was a twelve-year-old child with a history of autism spectrum disorder ("Minor Victim-1").

3.     On or about May 29, 2022, between approximately 1:00 a.m. and 2:00 a.m., ARISTIDES CABRERA, a/k/a "Buddha," the defendant, met with and sold drugs to Alex Defilippo ("Victim-1") and a person related to Victim-1 (the "Victim-1 Family Member"). CABRERA knew Victim-1 and had previously engaged in narcotics transactions with Victim-1. CABRERA had also previously discussed drug sales with Victim-1's intimate partner, Kyla McCarthy ("Victim-2"). After purchasing CABRERA's drugs, Victim-1 returned home to the apartment he shared with Victim-2.

4.     A short time later that same day, at approximately 3:00 a.m., Victim-2's cellphone was used to conduct three internet searches, all of which related to the use of naloxone nasal spray. Naloxone, commonly known as Narcan, is an opioid antagonist used to reverse the deadly effects of overdoses from opioids like fentanyl. Victim-2's cellphone was not used again. Approximately eighteen hours later, at the request of one of Victim-2's family members, NYPD officers responded to Victim-2's apartment to conduct a wellness check. Inside, NYPD officers found the bodies of Victims-1 and -2, both of whom had died after ingesting the fentanyl and para-fluorofentanyl sold to them by CABRERA. One unused dose of Narcan was found at Victim-2's feet.

5.     The Office of the Chief Medical Examiner for the City of New York ("OCME") conducted autopsies on Victims-1 and -2 and concluded that (i) Victim-1 died from acute intoxication due to the combined effects of fentanyl, p-fluorofentanyl [i.e., para-fluorofentanyl], and alprazolam; and (ii) Victim-2 died from acute intoxication due to the combined effects of alcohol, fentanyl, p-fluorofentanyl, diazepam, alprazolam, and amphetamine.

2

6.    Approximately two weeks later, on or about June 13, 2022, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, communicated with the Victim-1 Family Member, who told CABRERA, among other things, that Victims-1 and -2 had both died in their apartment from an overdose. CABRERA responded, in part, by confirming that the last time he saw Victim-1 was the same day Victims-1 and -2 died.

7.    Approximately two weeks later, on or about June 28, 2022, Minor Victim-1 was found by a family member (the "Minor Victim-1 Family Member"), in his bed in the Cabrera Apartment, unresponsive and foaming at the mouth. Minor Victim-1 was transported by emergency services to a Bronx County hospital, where he was later pronounced dead.

8.    Early the next morning, shortly after Minor Victim-1 was pronounced dead, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, returned to the Cabrera Apartment and searched his narcotics stashes. While he searched, CABRERA communicated with the Minor Victim-1 Family Member, and said, in part, that he was searching for the Velour Bag because he needed to make sure nothing was missing.

9.    OCME conducted an autopsy and concluded that Minor Victim-1 died from acute intoxication due to the combined effects of fentanyl, para-fluorofentanyl, acrylfentanyl, and acetylfentanyl.

10.    After Minor Victim-1 died, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, received a carceral sentence in another case and was detained in a state correctional facility. Despite his incarceration, CABRERA continued to distribute drugs.

Statutory Allegations

11.    From at least in or about November 2017 through at least in or about January 2024, in the Southern District of New York and elsewhere, ARISTIDES CABRERA, a/k/a "Buddha,"

the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

12.    It was a part and an object of the conspiracy that ARISTIDES CABRERA, a/k/a "Buddha," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

13.    The controlled substances involved in the offense were: (i) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); (ii) 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B); and (iii) a quantity of mixtures and substances containing a detectable amount of para-fluorofentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

14.    The use of such controlled substances resulted in the death of Victim-1 on or about May 29, 2022, in the Bronx, New York.

15.    The use of such controlled substances resulted in the death of Victim-2 on or about May 29, 2022, in the Bronx, New York.

16.    The use of such controlled substances resulted in the death of Minor Victim-1 on or about June 28, 2022, in the Bronx, New York

(Title 21, United States Code, Section 846.)

4

## COUNT TWO
### (Distribution of Narcotics Resulting in Death)

The Grand Jury further charges:

17.    On or about May 29, 2022, in the Southern District of New York and elsewhere, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, knowingly and intentionally distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

18.    The controlled substances involved in the offense were: (i) a quantity of mixtures and substances containing a detectable amount of fentanyl and (ii) a quantity of mixtures and substances containing a detectable amount of para-fluorofentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

19.    The use of such controlled substances resulted in the death of Victim-1 on or about May 29, 2022, in the Bronx, New York.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

## COUNT THREE
### (Distribution of Narcotics Resulting in Death)

The Grand Jury further charges:

20.    On or about May 29, 2022, in the Southern District of New York and elsewhere, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, knowingly and intentionally distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

21.    The controlled substances involved in the offense were: (i) a quantity of mixtures and substances containing a detectable amount of fentanyl and (ii) a quantity of mixtures and

substances containing a detectable amount of para-fluorofentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

22.    The use of such controlled substances resulted in the death of Victim-2 on or about May 29, 2022, in the Bronx, New York.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

## COUNT FOUR
### (Distribution of Narcotics Resulting in Death)

The Grand Jury further charges:

23.    On or about June 28, 2022, in the Southern District of New York and elsewhere, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, knowingly and intentionally distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

24.    The controlled substances involved in the offense were: (i) a quantity of mixtures and substances containing a detectable amount of fentanyl and (ii) a quantity of mixtures and substances containing a detectable amount of para-fluorofentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

25.    The use of such controlled substances resulted in the death of Minor Victim-1 on or about June 28, 2022, in the Bronx, New York.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

## COUNT FIVE
### (Firearm Use, Carrying, and Possession)

The Grand Jury further charges:

26.    From at least in or about November 2017 through at least in or about June 2022, in the Southern District of New York and elsewhere, ARISTIDES CABRERA, a/k/a "Buddha," the

6

defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crimes charged in Counts One, Two, Three, and Four of this Indictment, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## FORFEITURE ALLEGATIONS

27.    As a result of committing the offenses alleged in Counts One through Four of this Indictment, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

28.    As a result of committing the offense alleged in Count Five of this Indictment, ARISTIDES CABRERA, a/k/a "Buddha," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense.

## Substitute Assets Provision

29.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

7

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the above forfeitable

property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____  5/22/26
FOREPERSON

_____
JAY CLAYTON
United States Attorney

8